UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIMOTHY SAIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3258 |
| | ) | |
| MICHELLE SADDLER, | ) | |
| TARRY WILLIAMS, | ) | |
| HUGHES LOCHARD, | ) | |
| FORREST ASHBY, and | ) | |
| DALE KUNKEL, | ) | |
|     Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He seeks leave to proceed in forma pauperis on his claim that the top bunk beds are dangerous.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if

1

part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007))(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d

541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff alleges that the top bunks at the Rushville Treatment and Detention Center lack railings or ladders. Twice he has fallen off the top bunk while sleeping, once injuring his back and the next time injuring his ribs. He cannot climb up safely onto the top bunk. His complaints to Defendants about this problem have been unavailing. He seeks "some safety mechanism" for the top bunk and damages for his pain and suffering.

## ANALYSIS

Plaintiff is constitutionally entitled to humane conditions and to be free from deliberate indifference to a known and substantial risk of serious harm. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008)(committed person is entitled to "'humane conditions'" and the provision of "'adequate food, clothing, shelter, and medical care'")(quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

At this point, determining whether the design of the top bunk presents a substantial risk of serious harm to Plaintiff would be premature. Accordingly, the claim will be allowed to proceed against the facility director, Forrest Ashby, and the Secretary of the Department of Human Services, Michelle Saddler. Ashby and Saddler arguably occupy positions which might enable them to take action to

reduce the risk by installing safety rails and ladders for the top bunks. The claim will also be allowed to proceed against Defendant Dr. Lochard, who might have the authority to prescribe Plaintiff a low bunk.

Defendants Williams and Kunkel will be dismissed. Williams was the former security director, and Kunkel is the current security director. No plausible inference arises that they have any control over whether Plaintiff is assigned a top bunk or control over the design of the bunk beds.

IT IS THEREFORE ORDERED:

1) The hearing scheduled for November 5, 2012 is cancelled. The clerk is directed to notify Plaintiff's detention facility of the cancellation.

2) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Pursuant to its review of the Complaint, the Court finds that Plaintiff's states a claim for deliberate indifference to a substantial risk of serious harm presented by Plaintiff's top bunk. This claim proceeds against Defendants Saddler, Ashby, and Lochard. Defendants Williams and Kunkel are dismissed for failure to state a claim against them. This case proceeds solely on the claim identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the

date on which said copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on December 17, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the court of any change in their

mailing addresses and telephone numbers.  Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: October 25, 2012
FOR THE COURT:

                                          **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE